UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-61080-CIV-COOKE/GOODMAN

ADVANCED CONSTRUCTION AND
RENOVATION, INC.,

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

    This case arises from a breach of contract claim in which Plaintiff Advanced Construction and Renovation, Inc. ("Plaintiff") alleges it was a third party beneficiary of an insurance policy that was issued by Defendant Mt. Hawley Insurance Company ("Mt. Hawley" or "Defendant") to Argov Gavish Properties, LLC. Plaintiff contends Mt. Hawley breached the policy by failing to pay Plaintiff for the total loss it sustained on a property damage claim. Mt. Hawley removed this case from state court, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff challenges Defendant's removal, arguing there is no diversity of citizenship and that Defendant waived its right to remove to federal court.

    Pending is Plaintiff's Motion to Remand to State Court. (ECF No. 7). Defendant has filed its Response to Plaintiff's Motion (ECF No. 10), and Plaintiff has filed its Reply to Defendant's Response (ECF No. 11).[1] I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons that follow, I deny Plaintiff's Motion to Remand.

### I.    BACKGROUND

    Mt. Hawley issued a property and casualty insurance policy to Argov Gavish Properties, LLC for the period of October 7, 2014 to October 7, 2015. ECF No. 5-1 at 12, ¶

---

[1] Defendant filed a Motion to File a Sur-Reply (ECF No. 14), which I denied. *See* Ord. Denying Def.'s Motion to File Sur-Reply, ECF No. 27.

3. During this period, Plaintiff occupied the first floor of Argov Gavish Properties, LLC's property as a licensed contractor and as a kitchen and bath distributor. *Id.* at 12, ¶ 6.

On or about August 18, 2015, the first floor of Argov Gavish Properties, LLC's property—Plaintiff's premises—sustained damage due to an air conditioning leak. *Id.* at 12, ¶ 9. As a result, Plaintiff filed an insurance claim with Defendant and Defendant began adjusting the loss. *Id.* at 12, ¶ 10. On or about June 21, 2016, Plaintiff learned that Rami Argov and/or Argov Gavish Properties, LLC released the insurance claim filed by Plaintiff. *Id.* at 12, ¶ 12. Plaintiff subsequently commenced this action against Mt. Hawley on April 20, 2017, in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida. *Id.* at 10–14. Plaintiff asserts Defendant was aware Plaintiff was a third party beneficiary of the Policy, and therefore breached the policy by failing to pay Plaintiff the total loss it sustained. *Id.* at 13, ¶¶ 15–16. Defendant timely filed its answer and affirmative defenses on May 22, 2017. *Id.* at 93–96.

Defendant filed its corrected Notice of Removal to this Court on May 31, 2017. ECF No. 5. Defendant asserts this Court has jurisdiction over this case because it is a matter in which the amount in controversy exceeds $75,000 and is between citizens of different States. *Id.* ¶ 7. Defendant establishes that the total amount in controversy exceeds $75,000. *Id.* ¶ 11. Defendant further contends that Defendant is a citizen of Illinois while Plaintiff is a citizen of Florida, thus showing complete diversity. *Id.* ¶¶ 14–16.

Plaintiff subsequently filed its Motion to Remand to State Court (ECF No. 7). Plaintiff concedes that Defendant has met its burden that the amount in controversy exceeds the jurisdictional requirement. *Id.* ¶ 2. However, Plaintiff contends that Defendant failed to establish diversity of citizenship, (*Id.* ¶ 3), and nevertheless waived its right to removal by including a demand for jury trial within its answer and affirmative defenses, (*Id.* at 4–5).

## II. LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. § 1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction,

uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. DISCUSSION

Plaintiff moves for remand on the basis that Defendant has not met its burden of proving diversity of citizenship. Even if Defendant has adequately shown diversity, Plaintiff maintains Defendant nevertheless waived its right of removal when it demanded a jury trial in its answer and affirmative defenses filed in state court prior to removal.

#### A. Diversity of Citizenship

Plaintiff contends Defendant failed to meet its burden of proving by a preponderance of the evidence diversity of citizenship as required by 28 U.S.C. § 1332(a). I disagree.

A defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil matters where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," or a corporation's headquarters "where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

A party removing a case to federal court based on diversity of citizenship bears the burden of proving by a preponderance of the evidence the existence of the court's jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "When challenging allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96–97. In determining whether removal was proper, a district court may review the record as a whole—including post-removal evidence submitted by any party. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (". . . [T]here is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.").

Because this case was removed to federal court by Mt. Hawley, Mt. Hawley bears the burden of proving the existence of federal diversity jurisdiction. *See Williams*, 269 F.3d at

3

1319. Here, it is clear that Mt. Hawley is registered under the Illinois Department of Insurance as a domestic stock company. *See* ECF No. 7-2. As Defendant has established, domestic stock companies in Illinois are governed by the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/6, and must register with the Illinois Department of Insurance, 215 Ill. Comp. Stat. 5/15. Furthermore, domestic companies in Illinois must have their principal place of business in Illinois. 215 Ill. Comp. Stat. 5/8.

Plaintiff points out that Defendant did not provide actual evidence of its articles showing it was organized under the laws of Illinois and contends that because the articles themselves were not submitted, Defendant has not established its citizenship by a preponderance of the evidence. ECF No. 11 at 6. Plaintiff supports its argument by providing proof that no company under the name "Mt. Hawley" or "Mt. Hawley Insurance Company" is registered under the Illinois Secretary of State. *See* ECF No. 7-1. However, Plaintiff concedes that Mt. Hawley *is* registered with the Illinois Department of Insurance as a "P&C Domestic Stock" company with a "Corporate Home" in Peoria, Illinois. *See* ECF No. 7-2. As stated above, a corporation is a citizen of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2012). Other than citing to the absence of the actual articles of incorporation in the record, Plaintiff does not present any competent proof to overcome the evidence of Defendant's registration with the Illinois Department of Insurance and its Illinois "corporate home," both placed into the record by Plaintiff itself. Defendant need only show its citizenship by a preponderance of the evidence. The uncontested facts establish that Mt. Hawley is a domestic stock insurance company registered in Illinois with a corporate home in Illinois. *See* ECF No. 7-2. Absent some evidence to the contrary, Defendant has satisfied its burden of proving diversity of citizenship. *See Sierminski*, 216 F.3d at 949.

### B. Waiver of Removal

Plaintiff next contends that Mt. Hawley waived its right to removal when it requested a jury trial in its answer and affirmative defenses filed in state court. A plaintiff may remand if a defect exists with the defendant's removal, which effectively waives the defendant's right to remove. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). Litigating on the merits is one such defect because the defendant is deemed to have taken "some substantial offensive or defensive action in the

state court action indicating a willingness to litigating in that tribunal before filing a notice of removal." *Id.* at 1246 (quoting Charles A. Wright, et al., 14B Federal Practice & Procedure § 3721 (2003)). A waiver must be "clear and unequivocal." *Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers, Inc. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984). "However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not constitute a waiver." *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470–71 (M.D. Fla. 1993) ("[A] motion to dismiss is an affirmative use of the state-court process, and thus, distinguishable from actions to maintain the status quo in state court, such as . . . filing answers and affirmative defenses."). Whether a state court defendant waived its right to remove must be determined on a case-by-case basis. *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999).

Plaintiff argues that because Mt. Hawley did not need to file a demand for jury trial when it filed its answer and affirmative defenses, the demand for a jury trial acted as a specific intent to have this matter heard in state court. However, I do not find this demand for jury trial to be "some substantial offensive or defensive action" that would constitute "litigating on the merits." *Yusefzadeh*, 365 F.3d at 1246. In part, Plaintiff relies on *Ferre*, where the court held the defendant did not waive its right to remove by simply filing an answer and affirmative defenses in state court prior to filing a timely removal. *Ferre*, 606 F. Supp. at 124. Plaintiff argues this matter is different than *Ferre* in that Defendant went beyond filing an answer and filed a demand for jury; in *Ferre*, it was not clear from the record whether the defendant demanded a jury trial. *See id.* I am unpersuaded by Plaintiff's argument. A demand for jury trial is not a clear and unequivocal action, nor is it an affirmative use of the state-court process. A demand for jury trial is merely the intent to have the matter heard in front of a jury if the matter goes to trial. As previous courts have held, I believe a demand for jury trial in a defendant's answer and affirmative defenses is "an action to maintain the status quo," not a "substantial offensive or defensive action." *Yusefzadeh*, 365 F.3d at 1246; *Scholz*, 821 F. Supp. at 1470.

Plaintiff also claims the fact that a defendant does not need to file a demand for a jury trial in its answer and affirmative defenses under Federal Rule of Civil Procedure 81(c)(3)(B) supports its contention that filing a jury demand constitutes an affirmative action in state court, and therefore a waiver. *See* Rule 81(c)(3)(B) ("[A] party entitled to a jury trial

. . . must be given one if the party serves a demand within 14 days after . . . a notice of removal." However, Rule 81(c)(3)(A) states, "A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Because Rule 81(c)(3)(A) explicitly acknowledges a situation where a defendant demanded a jury trial prior to removal, concluding that a demand for jury trial effectively waived a defendant's right to remove would be contrary to Rule 81(c)(3)(A) and deem the rule meaningless. Reading both Rule 81(c)(3)(A) and Rule 81(c)(3)(B) together, it is clear that Rule 81(c)(3)(B) is inapplicable here. Accordingly, I find that Defendant did not waive its right to remove by filing a demand for jury trial in its answer and affirmative defenses in state court. I agree with Defendant that concluding otherwise would require the Court to rewrite Rule 81(c)(3)(A).

## IV. CONCLUSION

Based on the above, I find that the Defendant has established federal diversity jurisdiction under 28 U.S.C. § 1332, and has not waived its right to remove by filing a demand for jury trial in its answer and affirmative defenses in state court. Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand to State Court (ECF No. 7) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 9th day of February 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*